IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KELLI JEAN BURNSIDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3030 |
| | ) | |
| STATE OF ILLINOIS SECRETARY | ) | |
| OF STATE JESSE WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

# OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Jesse White's Motion to Dismiss (d/e 7).  White is the Illinois Secretary of State.  Plaintiff Kelli Jean Burnside's pro se Complaint (d/e 3) alleges that Defendant violated 42 U.S.C. § 1983 by refusing to release the revocation of her Illinois driver's license.  White seeks dismissal of the Complaint on numerous grounds.  When Plaintiff failed to respond to the Motion to Dismiss within the time allotted by Local Rule, the Court granted her an extension of time to respond. Text Order, June 30, 2006.  Plaintiff, however, has failed to do so.  The matter is ripe for determination.  For the reasons set forth below, the

Motion to Dismiss is allowed.

Plaintiff is currently a resident of Indiana. In 2000, Plaintiff resided in Illinois and held an Illinois driver's license. In July 2000, Plaintiff was arrested for driving under the influence of alcohol in Indiana. The record does not reveal the disposition of Plaintiff's Indiana case. However, Plaintiff alleges that her Illinois driver's license was subsequently revoked.[1] Plaintiff sought reinstatement of her Illinois license. Plaintiff's request for reinstatement was denied after an administrative hearing in February or March of 2005. Plaintiff filed the instant Complaint in February 2006, asserting that the status of her Illinois license is preventing her from obtaining an Indiana driver's license. She claims that Defendant, by refusing to release the revocation, is violating her constitutional rights. Plaintiff lists four grounds upon which she believes her rights are being violated as follows: interference with interstate commerce, double jeopardy, reciprocity, and due process. She asks the Court to order Defendant to release her driver's license from revocation and all suspensions.

---

[1] Defendant asserts that Plaintiff's Illinois driver's license was revoked as a result of her Indiana arrest. The statute cited by Defendant, however, 625 ILCS 5/6-203.1, provides for the suspension of driving privileges upon arrest, not the revocation of such privileges. This inconsistency is inapposite, however, because in analyzing the instant Motion to Dismiss, the Court accepts as true Plaintiff's allegation that her Illinois driver's license was indeed revoked.

Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim requires the Court to consider the allegations in the light most favorable to Plaintiff and to accept all well-pleaded facts as true. Cole v. U.S. Capital, Inc., 389 F.3d 719, 724 (7th Cir. 2004). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996).

As an initial matter, Defendant asserts that Plaintiff's Complaint is barred by Eleventh Amendment sovereign immunity. However, the Court notes that Plaintiff has named as Defendant, not the State of Illinois or a state agency, but rather, Jesse White, Secretary of State of the State of Illinois. Complaint, p. 1, § I.B. White is a person who may be sued under § 1983, in his official capacity, under the doctrine of Ex parte Young.[2] See

---

[2]Section 1983 provides as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Ex parte Young, 209 U.S. 123 (1908).  The relief that Plaintiff requests is the kind of prospective equitable remedy compatible with state sovereign immunity under Ex parte Young.  Thus, Defendant's request for dismissal of the Complaint on Eleventh Amendment grounds is denied.

Defendant, citing Pennhurst State Sch. & Hosp. v. Halderman, asserts that Plaintiff is barred from obtaining injunctive relief regarding an alleged violation of Illinois law in federal court.  See Pennhurst, 465 U.S. 89, 105-06 (1984).  To the extent Plaintiff is seeking to compel the reinstatement of her license under Illinois law, Defendant is correct.  Section 1983 is not an appropriate vehicle for challenging an alleged violation of state law by state officials because the Constitution does not require a state to administer its laws correctly. Burgess v. Ryan, 996 F.2d 180 (7th Cir. 1993).  However, Plaintiff also alleges that Defendant committed constitutional violations, to which the Court must turn its attention.

Plaintiff asserts that Defendant's actions interfere with interstate commerce.  The Commerce Clause of the United States Constitution, Art. I § 8, cl. 3, grants Congress the authority to regulate commerce among the States.  It also limits the power of the States to burden interstate commerce. See Alliant Energy Corp. v. Bie, 330 F.3d 904, 911 (7th Cir. 2003) (citing

cases). "This negative aspect of the Commerce Clause is often referred to as the Dormant Commerce Clause and is invoked to invalidate overreaching provisions of state regulation of commerce." Id. (internal quotations omitted). However, "[i]f a party seeking to invalidate a statute cannot show any burden on interstate commerce, then the Dormant Commerce Clause is not implicated and the statute will not be invalidated." Id. In the instant case, Plaintiff asserts that her ability to seek work has been impaired by her lack of a driver's license and, as a result, she is on welfare. These allegations, however, are insufficient to support a finding of a burden on interstate commerce. Thus, Defendant's request to dismiss Plaintiff's commerce clause claim is allowed.

Plaintiff alleges that Defendant's refusal to release her license subjects her to double jeopardy in that it amounts to double punishment for her Indiana arrest. The Double Jeopardy Clause of the Fifth Amendment prohibits "multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997) (emphasis in original). As the Supreme Court has recognized, "the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, in common parlance, be described as punishment." Id. at 98-99 (internal quotations

5

and citations omitted). The restriction of Plaintiff's driver's license is a civil, rather than a criminal, matter. See, e.g., Burgess, 996 F.2d at 185. Thus, the Double Jeopardy Clause is not implicated. Defendant's request to dismiss this claim is allowed.

Plaintiff captions her third ground for relief as "Reciprocity." Complaint, p. 6. Plaintiff asserts that the state of Illinois refuses to recognize the state of Indiana's punishment and fines for the offenses committed. To the extent Plaintiff is attempting to raise a full faith and credit argument, her claim fails. The state of Illinois is clearly recognizing the Indiana offense; indeed, it is the reason Plaintiff's license has been revoked. Moreover, the Court again notes that the restriction of Plaintiff's driver's license is a civil matter, distinct from her Indiana criminal offense. As discussed above in the Double Jeopardy analysis, the civil penalty does not constitute a second punishment for the Indiana offense. Thus, Defendant's request to dismiss Plaintiff's third claim is allowed.

As her fourth ground for relief, Plaintiff states only "Due Process." Complaint, p. 6. Plaintiff fails to allege any facts which would entitle her to relief under a Due Process theory. Indeed, Plaintiff expressly alleges that she was granted administrative hearings relating to the status of her license

in 2003 and 2005, although she was unable to attend the hearing in 2003 because of transportation problems. Therefore, Defendant's request to dismiss Plaintiff's Due Process claim is allowed.

THEREFORE, for the reasons set forth above, Defendant Jesse White's Motion to Dismiss (d/e 7) is ALLOWED. Plaintiff's Complaint is DISMISSED. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: July 27, 2006.

    FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                        UNITED STATES DISTRICT JUDGE